THOMAS H. DRABBLE, Plaintiff,

v.

PULE MIKAELE SALIMA, PETELO MIKAELE,
and FALANIKO MIKAELE, Defendants.

High Court of American Samoa
Land & Titles Division

LT No. 03-04

March 5, 2004

Before RICHMOND, Associate Justice, MAMEA, Associate Judge, and
TAPOPO, Associate Judge.

Counsel: For Plaintiff, Roy J.D. Hall, Jr.

For Defendants, Charles V. Ala`ilima and Mark Ude

## PRELIMINARY INJUNCTION
## AND RELATED ORDERS

On February 9, 2004, Plaintiff Thomas H. Drabble ("Drabble") filed this action to enjoin Defendants Pule Mikaele Salima, Petelo Mikaele, and Falaniko Mikaele (together "the Defendants") from interfering with Drabble and others' occupancy and use of business improvements, commonly known as the Nu`uuli Shopping Center ("Shopping Center" or "premises"), on the Lagafuaina family's communal land, and to obtain damages for losses incurred by the Defendants' present interference.

On February 9, after hearing and considering the parties' presentation of the immediate situation, the Court issued a temporary restraining order requiring the Defendants to remove all material they placed on the premises obstructing entry to the Shopping Center. An order to show cause hearing on Drabble's application for a preliminary injunction was scheduled on February 19, 2004, continued to February 20 at the parties' request, and then, because proper counsel for the Defendants was not immediately available, continued to February 24, with the temporary restraining order remaining in effect. Counsel and the parties were present at the February 24 hearing.

### Standard of Review

■ Issuance of a preliminary injunction is based on the applicant showing a substantial likelihood that the applicant will prevail at trial on the merits and obtain issuance of a permanent injunction against the opposing party, and that the applicant will suffer great or irreparable harm before a full and final trial can be fairly held on issuance of the requested permanent injunction. A.S.C.A. § 43.1301(j).

■ The substantial likelihood standard is sufficiently met by a showing that there are important questions of law at issue requiring or deserving more deliberate and in-depth consideration. *Samoa Aviation, Inc. v. Bendall,* 28 A.S.R.2d 101, 103-04 (Trial Div. 1995).

■ Great or irreparable harm standard is basically a fact-intensive determination. Relative detriments to the parties are commonly considered and balanced. *Gurr v. Scratch,* 22 A.S.R.2d 103, 105 (Trial Div. 1992). Public interest may be involved. *Id.*

### Facts

Drabble leased the premises in 1974. The *sa`o* of the family in 1974, Lagafuaina Laisene, signed the lease as the lessor. The lease expired on

or about January 31, 2004. The lease provided for payment of the rent to the Defendants' mother, Finau Mikaele, aka Finau Asi ("Finau"), now deceased, on behalf of the Lagafuaina family. Drabble successfully developed the Shopping Center on the premises. Four businesses presently operate at the Shopping Center. Drabble owns or controls three, Transpac corporation's retail store, Rubble's bar and restaurant, and a retail liquor store. The fourth business is the Good Food Bakery, owned and operated by Sepp Steffany.

As the end of the lease term neared, Drabble initiated negotiations for a new lease. In May 2003, the Defendants and other family members, including Lagafuaina Talanoa, the present family *sa`o*, authorized attorney Charles V. Ala`ilima ("Ala`ilima") to represent Finau's estate on matters concerning Lagafuaiana communal land in the vicinity of the Shopping Center, including negotiations for a new lease of the premises. Drabble and Ala`ilima did not reach a meeting of the minds on a new lease. Thus, Drabble separately approached the present *sa`o*, and they signed a new lease of the premises on December 4, 2003. The communal land lease approval process, the Land Commission's review and recommendation and the Governor's approval, required to validate the lease, is still ongoing. *See* A.S.C.A. §§ 37.0203, 37.0221.

The Defendants are opposed to the new lease, at least to its present provisions. Knowing that the original lease had expired, they decided to take self-help measures by blockading the access to the premises. During the evening of Friday, February 6, 2004, the Defendants announced the blockade plan to the Rubbles' customers, and told them to remove their vehicles within five minutes from the parking area on the premises and, for those wanting to return to Rubbles, that parking would be available behind the Shopping Center. When all vehicles were removed about 15 minutes later, the Defendants blockaded the entries to the Shopping Center using timbers and large storage drums. This action fortunately took place without any violence or other noteworthy peace disturbance. The police were soon called, however, and came to monitor the scene. The potential of violence was ever present while the blockade lasted.

The Defendants did not consult with Ala`ilima beforehand. Afterwards, Drabble did call Ala`ilima, who then contacted the Defendants and reported back to Drabble that the Defendants had "a mind of their own" in pursuing this self-help remedy.

On Saturday, February 7, 2004, the Defendants beefed up the blockade with loads of cinders. The Defendants did not allow vehicles to enter the Shopping Center's parking area throughout the weekend and until shortly after the temporary restraining order requiring removal of the blockade was issued on Monday, February 9. However, they did not

prevent customers from entering the four businesses and continued to permit parking behind the Shopping Center.

## Analysis

### I. Likelihood of Success

■ The essential facts present significant issues of law that are properly resolved only after the complex factual and legal aspects of this situation are fully developed at trial and given deliberate and thorough consideration.

At genuine issue is the validity of a second lease of the premises by Drabble and the present Lagafuaina *sa'o*. The new lease appears to be an acceptable provisional agreement that is still undergoing the final validation process. *See* A.S.C.A. §§ 37.0203, 37.0221. At face value, the agreement should be but has not been given the Defendants' respect. In related regard, the dispute resolution process before the Secretary of Samoa Affairs, required under A.S.C.A. § 43.0302, has not yet been initiated, let alone completed. The Court's jurisdiction, other than interim orders we deem appropriate, cannot be exercised until the Secretary issues a certificate of irreconcilable dispute, which requires a stay of this action unless and until the certificate is filed. A.S.C.A. § 43.0304; *see, e.g., Tupua v. Faleafine*, 5 A.S.R.2d 131, 132-33 (Land & Titles Div. 1987). Also at genuine issue is the standing or other validating basis for the Defendants' challenge to the lease.

Drabble has sufficiently met the likelihood of success criteria for issuance of a preliminary injunction.

### II. Great or Irreparable Harm

■ The Defendants' blockage of the premises, while in place, resulted in significantly reduced revenues to Drabble's businesses. His financial loss, then and if the blockade is reinstated, can of course be rectified by money damages. However, the disruption certainly did, and will again if resumed, negatively impact customers' perception of Drabble's operations, and in the longer run will seriously diminish his businesses' goodwill, reputation, and general integrity. It stands to reason that the fourth business in the Shopping Center will similarly suffer.

The harm to Drabble and other occupants of the Shopping Center under his authority is considerable and immediate. Their harm far outweighs any adverse impact on the Defendants from allowing the businesses to continue operating in a normal fashion while the lease approval and dispute resolution processes are ongoing.

Moreover, the public also suffered, and will again suffer if the blockade is resumed, from the Defendants' self-help action. Customers are entitled to access the businesses in the Shopping Center, including parking in the designated area on the premises, not along the public highway or, even if known, at the less convenient location behind the premises, unimpeded by a vehicle blockade to the parking area. It is of even greater public interest not to tolerate the type of self-help remedy employed by the Defendants. The Defendants, like anyone else, should respect the legal process available to resolve this kind of dispute and let that process take its course.

The Defendants profess that they will not resume the blockade during the course of this action. This is well and good, but it is far better and prudent to ensure that it will not be repeated, along with the attendant potential risk of violence, by putting in place an appropriate preliminary injunction while the action is pending.

Drabble has also sufficiently met the great or irreparable harm criteria for issuance of a preliminary injunction.

## III. Indispensible Party

The Defendants also filed early on a motion under T.C.R.C.P. 19 to join the present Lagafuaina *sa'o* as an indispensable party to complete adjudication of the merits of this action. However, during the preliminary injunction hearing, both counsel present agreed that this motion was premature and should be denied at this time.

## Order

1. Drabble's application for a preliminary injunction is granted.

2. While this action is pending or until further order of the Court, the Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, including but not limited to other family members, are enjoined from blockading or obstructing in any manner vehicle entry to the parking area on Nu'uuli Shopping Center premises, or from interfering in any manner with the business operations and any other aspects of quiet and peaceful occupancy and use of the premises by Drabble and other business occupants there with his permission, and the customers, officers, agents, servants, and employees of Drabble or his businesses, or of other business occupants.

3. The Defendants' motion to join the Lagafuaina *sa'o* as an indispensable party is denied without prejudice.

246

4. Other than for necessary or appropriate interim orders, this action is stayed unless and until a jurisdictional certificate of irreconcilable dispute issued by the Secretary of Samoan Affairs, as the consequence of unsuccessful dispute resolution proceedings before the Secretary, is filed in this action.

It is so ordered.